UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM BELL,

        Plaintiff,

vs.

Case No. 09-CV-10165
HON. GEORGE CARAM STEEH

FIFTH THIRD MORTGAGE,
a Michigan L.L.C.,

        Defendant.

_____/

ORDER GRANTING PLAINTIFF'S MOTION FOR
VOLUNTARY DISMISSAL (# 11)

      Plaintiff William Bell, appearing pro per, was granted in forma pauperis ("IFP") status on January 19, 2009 by the Honorable District Judge Denise Page Hood. Bell's four-page January 15, 2009 Complaint seeks "$TWO BILLION SIX HUNDRED AND SEVENTY EIGHTH MILLION AND FOUR HUNDRED THOUSAND DOLLARS" for defendant Fifth Third Mortgage, L.L.C.'s alleged violations of inter alia RICO, RESPA, the Truth in Lending Act, and the Uniform Commercial Code, all arising out of the parties' promissory note and mortgage. Bell alleges that Fifth Third Mortgage "deceived and tricked 36th District Court Judge to grant its motion for possession of the property." Complaint, ¶ 6, at 3.

      On April 14, 2009, Bell filed a one-page handwritten document which reads: "Please Dismiss Without Prejudice." Fifth Third Bank filed its response on April 28, 2009 seeking dismissal with prejudice under Federal Rule of Civil Procedure 41(a)(2). Fifth Third Bank also directed Judge Hood's attention to the fact that two prior pro se, IFP complaints filed

by Bell were dismissed by this court sua sponte, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted.  See Bell v. First Third Bank, No. 08-15030 (E.D. Mich. Jan. 6, 2009) (Steeh, J.) (Dkt. No. 4); Bell v. First Third Bank, No. 08-14375 (E.D. Mich. Oct. 22, 2008) (Steeh, J.) (Dkt. No. 3).  Bell's instant lawsuit was thereafter assigned to this court as a companion case.

Fifth Third Bank filed its Answer to Bell's Complaint on March 13, 2009, before Bell moved for voluntary dismissal on April 14, 2009. Accordingly, Bell's lawsuit may be dismissed only on court order "on terms the court considers proper."  Fed. R. Civ. P. 41(a)(2).  Rule 41(a)(2) is a "discretionary procedural rule that explicitly allows a district court to impose terms and conditions upon a voluntary dismissal[.]" Bridgeport Music, Inc. v. Universal-MCA Music Publishing, Inc., 481 F.3d 926, 931 (6th Cir. 2007).

In dismissing Bell's claims in Case No. 08-15030 on January 6, 2009, this court expressly cautioned:

> Plaintiff Bell is hereby forewarned that his right to proceed IFP may be forfeited in the future if he continues to file the same meritless claims.

Bell, No. 08-15030, January 6, 2009 Order, at 3.  Eight days after the court issued this warning to Bell, Bell filed the instant Complaint alleging the same or similar claims against First Third Mortgage.  Consistent with the court's earlier warning, the court finds that Bell's claims should be dismissed without prejudice on the condition that, should Bell re-file this lawsuit or substantially similar claims against First Third Mortgage in the future, First Third Mortgage may initially move in the new lawsuit for an award of costs and fees it incurred in defending this action before Bell may proceed with his new lawsuit.  Accordingly,

Bell's motion for voluntary dismissal is hereby GRANTED to the extent that Bell's claims are hereby DISMISSED, without prejudice, on condition that, should Bell re-file this

lawsuit or substantially similar claims against First Third Mortgage in the future, First Third Mortgage may initially move in the new lawsuit for an award of costs and fees it incurred in this action before Bell may proceed with the new lawsuit.  Bell is also hereby ORDERED to identify any new such lawsuit as a companion case to this lawsuit, Bell v. First Third Bank, No. 08-15030 (E.D. Mich. Jan. 6, 2009), and Bell v. First Third Bank, No. 08-14375 (E.D. Mich. Oct. 22, 2008).

     SO ORDERED.

Dated:  October 1, 2009

                                              s/George Caram Steeh
                                              GEORGE CARAM STEEH
                                              UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 1, 2009, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk